[SUNBURY, JUNE 15, 1829.]

## M'CLAY *against* BENEDICT.

### APPEAL.

The admission of a party claiming right to defend in ejectment as landlord, under the ninth section of the act of the 21st of *March*, 1772, is an act of the court, whose duty it is to inquire before making the order, whether the applicant really stands in the relation of landlord, or whether his claim of title is consistent with the possession of the occupier.

ON an appeal from the Circuit Court of *Mifflin* county, it appeared that this was an amicable ejectment for a lot of ground in *Lewistown,* (entered originally in the Court of Common Pleas of *Mifflin* county, and on the same day certified into the Circuit Court,) by *Samuel M'Clay* against *E. L. Benedict.*

The following is an extract from the record of the Circuit Court:— "And now, 31st *December,* 1828, Hale appears for *D. H. Hulings,* the landlord, and pleads not guilty, and enters a rule of arbitration. Due notice to the plaintiff. *D. H. Hulings,* landlord and party in interest, appears according to law, on the 16th of *January,* 1829. Plaintiff not appearing, and clerk of the Circuit Court acts in place of absent party, when *D. Stuart, Henry Kulp,* and *Samuel Smith,* are chosen arbitrators; and clerk fixes the 10th of *February,* 1829, to meet at Mrs. *Elliott's.* 11th of *February,* 1829, the plaintiff, *Samuel M'Clay,* comes and discontinues this suit. Witness his hand and seal.

*"Samuel M'Clay."*

" And now, to wit: 13th of *February,* 1829, report of arbitrators is filed awarding in favour of the defendant, and that the plaintiff has no cause of action. And now, at a Circuit Court, the 18th of *April,* 1829, on motion of *Hall,* for the plaintiff, to set aside the report of the arbitrators; after argument, award of arbitrators and proceedings set aside. Whereupon *D. H. Hulings,* the landlord of *E. L. Benedict,* the defendant in this case, appeals from the judgment of the Circuit Court in setting aside the award of arbitrators, and setting aside the proceedings."

*Hale,* for the appellant.

*Hall,* contra.

(M'Clay *v*. Benedict.)

The opinion of the court was delivered by

Rogers, J.—The ninth section of the act of the 21st of *March*, 1772, prescribes, that it shall, and may be lawful for the court, where an ejectment may be brought, to suffer the landlord to make himself a defendant, by joining with the tenant, to whom a declaration in ejectment has been delivered. The admission of a party claiming right to defend, is clearly an act of the court, whose duty it is to inquire, before making the order, whether the applicant stands in relation of landlord, or whether his claim of title is consistent with the possession of the occupier. It is not every person who claims to be landlord that is really such, nor is it every claim of title which gives right to defend the suit. In *England*, under the statute 11 *Geo*. 2, *ch*. 19, *s*. 13, it was at first holden, that it was not every person claiming title, who could be admitted to defend as landlord, but only he who had been in some degree in possession, as receiving rent, &c. But this doctrine was afterwards reprobated by Lord Mansfield, *Burr. Rep*. 1290, and the word landlord, in the act, was considered to extend to every person whose title was connected to, and consistent with the possession of the occupier, and divested or disturbed by any claim adverse to such possession, as in the case of remainders, or reversions, expectant upon particular estates. So careful have the courts been to preserve the rights of the original parties, that if a person should be admitted to defend as landlord, where title is inconsistent with the possession of the tenant, the lessor of the plaintiff may apply to the court, or to a judge at his chambers, and have the rule discharged with costs. If, however, he neglect to do so, and the party continue on the record as defendant, such party will not be allowed to set up such inconsistent title as a defence at the trial. *Adams on Eject*. 232. Under the construction of the statute 11 *Geo*. 2, which is similar to our act, it is not a matter of course, that a person should be made co-defendant. In practice, on application to the court, it is frequently refused. For where a person claims in opposition to the title to the defendant, he can in no light be considered as landlord, and it would be unjust to the tenant, that he should be made co-defendant, as their defences might interfere with each other. So also, the very question in dispute, between the parties may be, whether the person claiming to be made a co-defendant is entitled to be landlord or not. *Adams on Eject*. 230, *in note*. Hence it is, that the act has very wisely given the court a control over this matter; as otherwise, a stranger to the record might obtain an advantage over the parties to the suit. There is a great difference between being plaintiff and defendant in ejectment; and if a person could, without leave of the court, make himself a co-defendant, it would enable him at his own will, to place himself in the situation of the defendant in the ejectment, and by this means, make good a title, which he would be unable to support as plaintiff. It might prove equally vexatious to the defen-

(M'Clay *v.* Benedict.)

dant, who would sometimes be surprised with a landlord, whose title he disclaimed, placed on the record by collusion with the plaintiff, or whose claim being inconsistent with his own, might embarrass his defence. It has been argued, that inconvenience may be experienced from the fact, that the Circuit Court does not sit in the respective counties but once a year, and that this may create delay, or give an opportunity for collusion between the plaintiff and tenant. This is an inconvenience inseparable from the organization of the court; but in all cases of fraud, the court would relieve on motion, by reinstating the parties in their original rights. And in a special case, application might be made to the Supreme Court, in bank, or to one of the justices in vacation, who, upon reasonable notice to the adverse party, would take such order as to prevent delay or any undue advantage. The only evidence we have that Mr. *Huling* is the landlord, is the entry on the record. *"Hale* appears for *D. H. Huling,* the landlord, and pleads not guilty, and enters a rule of arbitration." There is no adjudication of the court, by which he is made a co-defendant, and we are to consider him in no other light than as a stranger to the record. His entering a rule of reference was an unwarrantable interference with a suit to which he was no party. It is the opinion of the court, that the judgment of the Circuit Court be affirmed.

Judgment affirmed.