# Ferris <em>versus</em> Irons <em>et al.</em>

| 83 | 179 |
| 24 SC | *608 |

1. The admission of a party claiming a right to defend in ejectment under sect. 9 of the Act of 21st March 1772, is an act of the court, whose duty it is to inquire before making the order whether the applicant really stands in the relation of landlord, or whether his claim of title is consistent with the possession of the occupier.

2. In ejectment by F., a sheriff's vendee, against I., the defendant in the execution, it is questionable whether the court ought to allow the landlord or one claiming as such to appear and take defence upon his title.

3. In such case where L., to whom the land had been conveyed by a deed made before the entry of the judgment under which the land was afterwards sold, was admitted as co-defendant on the day of the trial without objection from the plaintiff, and it did not appear that he was admitted to defend as a landlord: *Held*, that it must be presumed that he was admitted as a party in possession, and that it was not error to allow him at the trial to put in evidence his deed for the land as a defence to the action.

4. The plaintiff, to avoid the deed to L., offered evidence tending to show that it was made for the purpose of hindering and defrauding the creditors of I., which evidence was refused by the court: *Held*, to be error, and that the evidence should have been admitted, and the question of fraud, and whether the deed was for a good and valuable consideration, left to the jury.

5. After the evidence was in the plaintiff's counsel made a verbal request for a charge to the court which the court refused, but no exception was taken ; this refusal was assigned for error: *Held*, that there was nothing on the record to support the assignment.

November 23d 1876.  Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.  WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1876, No. 269.

Ejectment by Charles Ferris against William B. Irons.  Ferris claimed title under a sheriff's deed, having bought the land in ques-

tion at a sheriff's sale, where it was sold as the property of Irons. On the day of the trial, one Isaac Line filed an affidavit that he was the owner of the land, and was thereupon allowed by the court, on motion of the attorney for Irons, to become a co-defendant, without objection on the part of the plaintiff. At the trial, the plaintiff gave in evidence a judgment against Irons, entered October 3d 1874, a levy and sale of the property in question, and a sheriff's deed to himself; and also the writ of ejectment in this case, with the sheriff's return of personal service on Irons. It was admitted that Irons was in possession. The plaintiff then rested. Irons made no defence. Line offered in evidence a deed of the premises from Irons to himself, bearing date January 22d 1874. This was admitted under objection, and the defendant rested.

It was admitted that Line was Irons's father-in-law.

The plaintiff, in order to show that this deed was fraudulent and void as to creditors of Irons, called one Bishop, who had acted as the agent of Line, and had taken the acknowledgment of the deed. He testified that the consideration named in the deed was not paid in money, but was paid partly in old notes which Irons had previously given Line, and partly in a new note; that it was arranged, at the time the deed was made, that Irons should remain on the property, at certain stipulated wages, and receive all the products of it; that at about the time the deed was made to Line, Irons's personal property was sold by the sheriff, under a judgment in favor of Line, bought in by Line, and left in Irons's possession, who had since continued to use it as his own.

The plaintiff then offered to show by another witness that Irons was largely indebted, at the time of this conveyance, to the plaintiff and a number of other persons; that he conveyed all his real estate to Isaac Line, his father-in-law; that he had continued to use it since, and had had, possessed and occupied it just as he did before the conveyance; that on the same day of the conveyance of the real estate, he gave a judgment-note to Line, upon which judgment was entered and execution issued, and all his personal property sold within two or three weeks of the giving of this deed, and purchased by Line; that he had continued to use the personal property since that sale just as he did before; that he had traded it with other people, and that he had sold it within a very short time after the sale, stating it to be his own; that his indebtedness was contracted only a few months before this conveyance, and to a number of persons. This offer was for the purpose of showing that this conveyance was in fraud of these creditors, to hinder and delay them in the collection of their debts.

The offer was refused under exception.

The plaintiff's attorney then asked the court verbally to charge the jury that "if, in this conveyance, any reservation or benefit was reserved to Irons, the deed was fraudulent as to creditors." The

[Ferris *v.* Irons.]

court refused to charge as requested, but no exception was taken to the refusal. The court then charged that there had been a conveyance from Irons to Line, for a good and valuable consideration, long before the judgment to Ferris was entered, and directed a verdict for the defendants. After a verdict so found and judgment thereon, the plaintiff took this writ of error, assigning for error that the court erred: 1. In admitting the deed from Irons to Line. 2. In refusing the plaintiff's offer as given above. 3. In refusing to charge as above requested. 4. In charging that the conveyance to Line was for a good and valuable consideration; and, 6. In not submitting to the jury the question whether the conveyance to Line was fraudulent.

*D. C. McCoy & Son*, for the plaintiff in error.

*F. P. Ray*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 2d 1877.

In an ejectment by the purchaser at sheriff's sale against the defendant in the judgment upon which it is sold, it is only necessary for him in general to show the judgment and proceedings under it: Little *v.* Lessee of Delancey, 5 Binn. 266 ; Drake *v.* Brown, 18 P. F. Smith 223. The purchaser under regular process acquires a right to defendant's possession, whatever it may be founded on, right or wrong : Snavely *v.* Wagner, 3 Barr 275. It is questionable whether the court ought to allow the landlord, or one claiming as such, to appear and take defence upon his title in such a case. The admission of a party claiming right to defend in ejectment under the 9th section of the Act of 21st March 1772, 1 Sm. L. 372, is an act of the court whose duty it is to inquire, before making the order, whether the applicant really stands in the relation of landlord, or whether his claim of title is consistent with the possession of the occupier : McClay *v.* Benedict, 1 Rawle 424. It was accordingly held in Boyer *v.* Smith, 5 Watts 55, that in an action of ejectment by a landlord against his tenant, it was not error to refuse to permit one who claimed title adversely to the plaintiff, to be made a co-defendant. The same reason would be applicable to an ejectment by the sheriff's vendee against the defendant in the judgment. It was decided in Dunlap *v.* Cook, 6 Harris 454, that in such a case the defendant cannot set up title under a lease taken by him from a third person after the judgment.

In the case before us, however, it does not appear that Line made application to defend as the landlord, but at the trial on the motion of the attorney of the original defendant, he was made co-defendant. No objection was interposed or exception taken to this order of the court. We must presume that he was admitted as a party in pos-

[Ferris *v.* Irons.]

session.   There was no error then in receiving the deed of Irons to Line—dated before the judgment upon which the land was sold as the property of Irons.   The objection came too late.   It was not setting up a title inconsistent with the defendant's possession; for one of the defences which the person in possession may make under the summary proceeding given to the purchaser at sheriff's sale by the Act of 16th June 1836, § 114, Pamph. L. 782, is that he has come into possession under title derived to him from the defendant before the judgment under which the execution and sale took place.   The first assignment of error is therefore not sustained.

We are of opinion that there was error in rejecting the offer of the plaintiff below as complained of in the second assignment.   If the proof had come up to the offer with the other evidence in the case it would have raised a question of actual fraud, to which Line was a party, and that the deed in question was made and accepted for the very purpose of hindering and defrauding the creditors of Irons.   In such a case it matters not whether a full consideration was paid or not, though any failure in this respect will make an important element in the question of actual fraud: Zerbe *v.* Miller, 4 Harris 488; Gans *v.* Renshaw, 2 Barr 34.   As was said by Chief Justice Gibson in the case last cited, " The sale was made when judgments were about to be obtained against the grantor, and though an insolvent debtor may give such preferences to particular debtors as he may see proper, yet if the motive be not payment of his debts, but in the language of the statute ' to delay, hinder or defraud' particular creditors, the conveyance, though made on valuable consideration, is not bonâ fide, and therefore not saved by the proviso."

Actual fraud is always emphatically a question for the jury, and the evidence is permitted to take a wide range, as in the majority of cases it rests upon circumstances and not upon direct proof.   It is concocted in the dark and the perpetrators are careful not to make any open declaration of their design: Zerbe *v.* Miller, 4 Harris 488; Stauffer *v.* Young, 3 Wright 455; Deakers *v.* Temple, 5 Id. 234; Simons *v.* The Vulcan Oil Co., 11 P. F. Smith 202. In view of the fact that the case must go back for another trial it is not advisable to discuss the evidence given and offered.   It may or may not be sufficient to convince the jury of actual fraud.   It is enough for us if it had that tendency, and we, therefore, are of opinion that the evidence offered should have been received.

The third assignment of error is that the court erred in refusing to charge the jury as requested by the plaintiff that if any benefit was reserved to Irons in the land it would be fraudulent as to creditors and in saying that there was no evidence to leave to the jury of such reservation.   There is nothing appearing on the record to support this assignment.   No point or request in writing was made; but in the curious medley returned as the evidence given on the

[Ferris v. Irons.]

trial—apparently a verbatim report of all that was said by court, counsel and witnesses—there does appear to have been a conversation between the court and counsel, in which a request was made to charge as stated in this assignment and that the court refused for the reason given. But no exception was taken or noted to this refusal, and without an exception no advantage can be taken of it. It is not properly before us for review.

The remaining assignments need not be considered except to say that the question of fact whether the conveyance made by Irons to Line was a good and valuable consideration was for the jury, and even upon the evidence as it stood, the case ought to have been submitted to that tribunal on the question of fraud.

Judgment reversed, and *venire facias de novo* awarded.