## Stafford *versus* Wheeler.

1. In 1859, B. was indebted to S. and C., which debts were liens on a certain farm of B., and executions were out to enforce them. On the 12th of July 1859, S. made an agreement with B. in pursuance of which B. conveyed the land to S. by a deed absolute on its face. S. on his part was to pay the judgment of C., and to apply the rents, issues and profits of the farm upon the indebtedness of B. to him, and when it was paid to reconvey the farm to him. This agreement of S. was by parol. In 1867, B. conveyed the property to W. who brought ejectment against S., who claimed that the deed of 1859 was an absolute conveyance, and contended that the alleged parol agreement was clearly within the provisions of the Act of April 22d 1856, and that evidence of such agreement was inadmissible. *Held*, that the evidence establishing the fact that there was fraud on the part of the defendant in obtaining the title there was a resulting trust in favor of the plaintiff which was within the exceptions contained in the proviso to the Act of 1856 : Barnett *v.* Dougherty, 8 Casey 372, followed.

2. The court instructed the jury that if they found the deed from B. to S. was a mortgage, and that S. was indebted to B. on account for any of the rents, issues and profits, at the time the ejectment was brought, the jury could also take into consideration and charge defendant with the rents, issues and profits of said farm since the suit was brought, for the purpose of ascertaining whether the defendant had been fully reimbursed under the agreement. *Held*, that this was not error.

3. In 1862, S., the defendant in the above suit, mortgaged the farm in dispute to H. When the above case was called for trial, H. applied to be made a co-defendant, which the court refused. *Held*, that this was not error. *Held*, *further*, that S. could not set up an outstanding title in H., as such title was the offspring of his own fraud.

March 8th 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR, J., who was of counsel in the court below, did not sit. GREEN, J., absent.

Error to the Court of Common Pleas of *Bradford county :* Of January Term 1878, No. 222.

Ejectment by Catherine Wheeler against H. G. Stafford to recover 330 acres of land in Bradford county. The writ issued July 19th 1867. The case came on for trial November 9th 1875.

[Stafford *v.* Wheeler.]

The plaintiff, a daughter of John Brownell, claimed title from her father by a deed dated June 12th 1867. The plaintiff also gave in evidence a deed dated July 14th 1859, from John Brownell and his wife to the defendant. Both these deeds were for the land in dispute. The defendant claimed title through the deed to him offered in evidence by plaintiff. The latter alleged that H. G. Stafford held the land in trust for said John Brownell to secure him for the payment of certain judgment liens on the property which Stafford and others had, amounting to between $3000 and $4000, and for this purpose the evidence of John Brownell and his wife was offered to prove that at the time of the execution of the deed of July 14th 1859, that it was agreed between Stafford and Brownell that Stafford was to take the farm and pay the debts agreed upon between them and hold the farm and re-deed it to Brownell or sell it for him.

The court, under objection, admitted this evidence.

In July 1859, John Brownell was indebted to H. G. Stafford in the sum of upwards of $1600, and to R. and E. Covell in the sum of upwards of $1400. This indebtedness was a lien upon the land in dispute, situate in Wells township, Bradford county, Pennsylvania, and executions were out to enforce the collection of the judgments. Brownell had certain personal property on the land subject to the writs. Stafford went to DeWitt, Iowa, where Brownell then resided, for the purpose of securing his indebtedness, and in pursuance of an agreement there made on the 12th of July 1859, Brownell, on the 14th, conveyed to Stafford the land in dispute by a deed absolute upon its face, and sold the personal property on the place to apply upon the indebtedness for upwards of $900. Stafford, on his part, as it was alleged, agreed, by parol, to pay the Covell judgment before it came due, to apply the rents, issues and profits of the farm upon the balance of the indebtedness of Brownell to him, and the Covell debt then assumed by him, to allow Brownell rent in case he occupied the premises himself, and to re-convey when the indebtedness should be paid.

At the trial, before Mayer, P. J. (of the Twenty-fifth Judicial District, before whom the trial was held), before the jury was sworn, a motion was made by counsel for James Huntington, asking that the latter should be admitted to defend, the motion being supported by an affidavit:

" That the said Huntington is the owner of the land in question, and has the possession ; that his title is derived by virtue of a mortgage, executed by said H. G. Stafford and his wife to him, dated the 1st of December 1862, for $3000, for the land in question; that a sci. fa. was issued and judgment obtained on said mortgage, on the 13th of May 1872, for $4701 ; and that a lev. fa. was issued and the land was sold to him by the sheriff, for $4000, and a deed was made and delivered to him at September term of court,

[Stafford *v.* Wheeler.]

1872; and that he took the possession of the land under his said deed (in the spring of 1873), and has had possession since to the present time; that said mortgage was given, bona fide, for money loaned. That the said Stafford\ has no interest in the land, and is a bankrupt and discharged under the bankrupt laws of the United States.''

The application was refused by the court, and the defendant excepted. No exception was taken by Huntington. (1st assignment of error.)

Plaintiff having proved that Mary Brownell, wife of plaintiff's grantor, John Brownell, was dead, and that notes of her testimony were correctly taken on the trial of this suit before arbitrators, offer to read said notes of testimony, for the purpose of establishing the fact, that at the time said John Brownell executed and delivered to said Stafford a deed for the land described in the summons in this case, it was agreed by and between said John Brownell and Stafford, that Stafford should hold the land under said deed and account for the rents, profits and use thereof, to said John Brownell; and that Stafford should pay certain debts of said Brownell, and after doing this, should re-convey said real estate to said John Brownell.

The defendant objected to the evidence, because it is an offer to prove by parol that the defendant, Stafford, was a trustee for the said John Brownell by his deed to Stafford, dated July 14th 1859; that under the statute of 22d April 1856, a trust by parol cannot be proved without writing; that Stafford entered into possession under his deed, and was in possession when this suit was commenced, which is more than five years, and therefore parol evidence is not competent.

Objection overruled and evidence admitted. (2d assignment.)

Plaintiff's counsel proposed to ask witness (Brownell) what was the value of the farm and dairy-tools taken by Stafford under the agreement first mentioned.

Objected to by defendant, because this property was not part of property mentioned by witness; and that it was immaterial.

Objection overruled. (3d assignment.)

The defendant offered to give in evidence a mortgage given by. H. G. Stafford and Eliza, his wife, to James Huntington for the land in question, bearing date the 1st December 1862, for the sum of $3000 and recorded; to prove that the said Huntington issued a sci. fa. and alias sci. fa. and obtained a judgment on said mortgage for $4701 on the 13th day of May 1872; and that a sci. fa. issued and the sheriff sold the land in question to said Huntington for $4000, and executed to the said Huntington a deed for the same.

To be followed by evidence, that the mortgage was for money loaned, bona fide, to the said Stafford, without notice of claim by said Brownell to the land.

[Stafford *v*. Wheeler.]

Objected to, because it is incompetent; the alleged title belongs to a stranger to this suit, nor did it exist at all, at its commencement.

Objections sustained. (4th assignment.)

Notes of testimony of Whiting Gifford, taken before arbitrators, said Gifford being a resident of the county at the time, offered on part of plaintiff.

Defendant objected to the testimony on the ground that the witness resided in the county.

By the Court: It appearing from the evidence before the court, that the health of the witness precludes him from attending court, the objection is overruled. (5th assignment.)

The following points were submitted by defendant, all of which the court refused:

1. That the alleged agreement between John Brownell and H. G. Stafford, as sworn to by Brownell, that Stafford should take a conveyance of the land in question and sell it, if he could, and pay off the Covell debt and his own; and if he could not sell, should apply the rents till the debts were paid, was a void agreement and within the Statute of Frauds and Perjuries; and the deed from Brownell and wife to H. G. Stafford of July 14th 1859, vested an absolute title in Stafford. (6th assignment.)

2. That under the contract as sworn to by Brownell and wife, Stafford, having taken possession of the land in question under his deed, immediately occupied it and made large improvements up to the time of bringing of this suit—more than five years—the plaintiff is barred by the Statute of Limitations of April 22d 1856. (7th assignment.)

3. There is not evidence in this case, being in the nature of a bill in equity, upon which a chancellor would decree a specific performance; that the alleged contract, sworn to by Brownell and wife and absolutely denied by Stafford, will not enable the plaintiff to recover. (8th assignment.)

In the general charge the court, inter alia, said:

" We have been requested by the counsel for plaintiff to instruct the jury, as this action of ejectment is in the nature of a bill in equity, and the rights of the parties can be determined at the time of the decree, that the jury can take into consideration the rents, issues and profits of the farm received by the defendant since the bringing of the suit. We would say to the jury, in answer to this request, that if the jury should find from the evidence that the deed from Brownell to Stafford was, as is claimed by the plaintiff, a mortgage, and that Stafford was indebted to Brownell on account for any of the rents, issues and profits of said farm at the time said action of ejectment was brought, the jury can also take into consideration and charge the defendant with the rents, issues and profits of said farm since the suit was brought, for the purpose of ascertaining and determining whether the defendant has been fully reim

12 NORRIS—30

[Stafford *v.* Wheeler.]

bursed under the agreement, as claimed by the plaintiff." (9th assignment.)

Verdict for plaintiff, when defendant took this writ and alleged, that the court erred as set forth in the above assignments of error.

*H. W. Patrick*, for plaintiff in error.—At the time the application was made on behalf of Huntington, Stafford had been discharged under the bankrupt act and was out of possession. Huntington had the entire interest of Stafford under his mortgage, and had sole possession of the land. He was therefore entitled to defend : Jackson *v.* Stiles, 11 Johns. 407 ; Johnson *v.* Bulcash, 17 Id. 112. The admission of Mrs. Brownell's evidence was in conflict with the Act of April 22d 1856. The agreement offered to be proved was clearly within the statute : Barnet *v.* Dougherty, 8 Casey 371. The mortgage of Stafford to Huntington was evidence of an outstanding title and should have been admitted : DeHaven *v.* Landell, 7 Casey 120. The court should have affirmed the defendant's points. The court erred in the portion of the charge contained in the 9th assignment of error. If Stafford had not gotten his advance out of the rents and profits, he was clearly not in default.

*Davies & Carnochan* and *John F. Sanderson*, for defendant in error.—Huntington is not here alleging error, but Stafford alleging wrong done to Huntingdon. We contend he cannot do so. He was not entitled to an admittance when suit was brought. He acquired his rights, if any, *pendente lite*. The transaction of the 12th of July 1859, including the conveyance and agreement, constituted a mortgage of the farm : Taylor *v.* Cornelius, 10 P. F. Smith 195 ; Directors of the Poor *v.* Royer, 7 Wright.150 ; Danzeisen's Appeal, 23 P. F. Smith 65 ; Maffit's Adm'rs *v.* Rynd, 19 Id. 387 ; Todd *v.* Campbell, 8 Casey 250 ; DeFrance *v.* DeFrance, 10 Id. 385. Such mortgage may be proved by parol : Kellum *v.* Smith, 9 Casey 158 ; Harper's Appeal, 14 P. F. Smith 315 ; Fessler's Appeal, 25 Id. 483 ; and the statute of April 22d 1856, has no application where a parol defeasance is sought to be established : Maffit's Adm'rs *v.* Rynd, *supra ;* Harper's Appeal, *supra*. The transaction has not the first incident of a trust that is not also incident to a mortgage. Stafford, if a trustee at all, is such *ex maleficio*, and is not within the Act of 1856 : Seichrist's Appeal, 16 P. F. Smith 241 ; Boynton *v.* Housler, 23 Id. 458. A mortgage is not within the act, nor is the equity of redemption barred by the limitation expressed in the 6th section of the act : Harper's Appeal, 14 P. F. Smith 315.

Rents, issues and profits accrued after suit brought were shown for the purpose of extinguishing the claim of the mortgagee. If the limitation has any application whatever to the case of a mort-

[Stafford v. Wheeler.]

gage, it surely will not begin to run until the debt is paid and the right to a reconveyance is perfect.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

The defendant has no right to complain that the court below refused to admit James Huntington as a defendant. Huntington did not except to this ruling, and took no writ of error. It was said by Mr. Justice ROGERS, in McClay v. Benedict, 1 Rawle 424, that "under the construction of the statute 2 George II., which is similar to our act, it is not a matter of course that a person should be made a co-defendant. In practice, on application to the court, it is frequently refused. For where a person claims in opposition to the title of the defendant, he can in no light be considered as landlord, and it would be unjust to the tenant that he should be made a co-defendant, as their defences might interfere with each other." In this case the application was not made until about eight years after the suit was commenced, and upon the day it was called for trial.

After the court below had refused to admit Huntington as a party, the defendant attempted to set up an outstanding title in Huntington. The evidence offered for this purpose was ruled out, and forms the subject of the fourth assignment. It is doubtless true, as a general proposition, that a defendant in ejectment may set up an outstanding title in a third person. The plaintiff must recover upon the strength of his own title. But the title which this defendant offers to set up was derived from himself, and so far as he is concerned, the jury have found it to be fraudulent; at least, they have found the facts from which the fraud results by necessary implication. They have found the parol trust in favor of Brownell, and it needs no argument to show that it was a fraud on the part of the defendant to encumber the property by a mortgage. It is also equally clear that the defendant cannot set up an outstanding title which is the offspring of his own fraud.

2. The notes of Mary Brownell's testimony taken before the arbitrators was objected to, because offered to prove a trust by parol, notwithstanding the Act of 1856. The 6th, 7th and 8th assignments may be considered in this connection. It was contended by the plaintiff, that the evidence did not establish a parol trust, but merely a defeasible deed or mortgage, which did not come within the Act of 1856. We are of opinion, that, whether a mortgage or a trust, the Act of 1856 does not apply, as the trust, if there be a trust, was a resulting trust, and comes within the exception of the proviso of the act. It was said in Barnet v. Dougherty, 8 Casey 372, "The proviso, indeed, excepts from its operation resulting trusts, such as the law implies. A resulting trust, however, is raised only from fraud in obtaining the title, or

[Stafford *v.* Wheeler.]

from payment of the purchase-money when the title is acquired."
The plaintiff's evidence, if believed, establishes a direct fraud in
obtaining the title.    The trust, if any, arose with the title, and
was not the result of the subsequent act of the parties.

3. This assignment is not sustained.    The value of the farm
and dairy-tools was relevant for the purpose of showing that Staf-
ford had been fully paid.

4. The fourth assignment is equally without merit.    The fact
that the health of the witness prevented his attendance at the trial,
rendered his deposition competent.

9. This assignment raises the question, whether in this proceed-
ing the plaintiff could recover the mesne profits up to the time
of trial ?    The learned judge instructed the jury that if they
found the deed from Brownell to Stafford was a mortgage, "and
that Stafford was indebted to Brownell on account for any of the
rents, issues and profits at the time said action of ejectment was
brought, the jury can also take into consideration and charge the
defendant with the rents, issues and profits of said farm since the
suit was brought, for the purpose of ascertaining and determining
whether the defendant has been fully reimbursed under the agree-
ment as claimed by the plaintiff."    For this purpose the evidence
was clearly competent.

We see no error in this record.    The judgment, therefore, must
be affirmed.