## Bell *et al. versus* Caldwell.

1. Where in an action of ejectment, one claiming to be the landlord of the defendant, and to be in actual possession of a part of the premises in dispute, applied by petition for leave to become a party defendant, and exhibited in his petition a claim of title not inconsistent with that of the tenant, the court should, in the absence of denial of such facts, grant such application, and its refusal to do so is assignable as error, and may be cause for reversal.

2. Under a judgment against A., his property was sold at sheriff's sale to B. B. leased the property to C., who entered into possession and allowed A. to remain in possession of part of the premises as his tenant at will. Subsequently, under a later judgment against A., the property was again sold as his property at sheriff's sale to D. In an action of ejectment by D. against A., C., setting forth the above facts, and that at the time of the institution of the action he was in possession of the premises, and that since the issuance of the writ of ejectment he had purchased the premises from B. in fee, applied by petition to be made a party defendant, which application was refused.

*Held*, to be error and cause for reversal.

May 28, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Juniata county:* Of January Term, 1884, No. 434.

This was an action of ejectment by Israel C. Caldwell against Joseph Bell and Thomas Murphy to recover a tract of land in Juniata county. Plea, not guilty.

On the trial before BARNETT, P. J., the plaintiff suffered a nonsuit to be entered as against the defendant Thomas Murphy, and proceeded against Joseph Bell in whom title was admitted prior to February, 1858. Plaintiff's title consisted of the record of a judgment obtained by the plaintiff against Joseph Bell to No. 8 April Term, 1867; revived to No. 36 February

[Bell *v.* Caldwell.]

Term, 1881, and a fi. fa. and vend. ex. issued thereon, under which the property in dispute was sold at sheriff's sale on December 2, 1881 as the property of Joseph Bell, to the plaintiff.

The defendant moved to add the name of W. Patterson Bell as a party defendant, the latter having filed an application therefor which set forth substantially the following facts, viz: that on February 5, 1868 the property in question was sold at sheriff's sale as the property of Joseph Bell to Thomas Murphy in proceedings under a judgment entered by Stryker & Co. against Joseph Bell to No. 22 February Term, 1867, which judgment was prior in date to that of Caldwell; that Thomas Murphy leased the said premises to the petitioner, W. Patterson Bell; that at the time of the issuance of this writ of ejectment, the petitioner was in possession of the premises under said lease and had permitted Joseph Bell to remain in possession of a portion of said premises; that the petitioner was not made a party to the action of ejectment and was not served with the writ; that subsequent to the issuance of the said writ Thomas Murphy had conveyed the said premises in fee to the petitioner and that the petitioner is still in possession thereof.

The Court refused this application. Exception.

The defendant offered evidence to prove the facts above recited. Objected to on the ground that the defendant cannot set up an outstanding title to defeat recovery in this action. Objection sustained and evidence excluded. Exception.

The jury by direction of the court rendered a verdict for the plaintiff and judgment was entered thereon. Joseph Bell and W. Patterson Bell thereupon took this writ of error, assigning as error the exclusion of the defendant's evidence and the refusal of the application of W. Patterson Bell to become a party defendant.

*A. J. Patterson*, and *Ezra D. Parker*, for the plaintiffs in error.

*B. F. Junkin*, (with him *E. S. Doty*,) for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, October 6, 1884.

This ejectment was brought 10th February 1882, by Israel C. Caldwell against Joseph Bell and Thomas Murphy. On the 6th September 1883, a nonsuit was entered as to Thomas Murphy and on the 18th of the same month, W. Patterson

Bell presented his petition, for leave to defend; his application was refused, and the refusal is assigned for error. The petitioner put his application upon the ground that he was in possession of the premises, at the institution of the suit, as the tenant of Thomas Murphy; that on the 31st of August preceding his application, by a conveyance of the title from Thomas Murphy, he became the owner in fee of the premises in dispute, and that Joseph Bell prior to the suit, and since, occupied under him as a mere tenant at will.

In McClay *v.* Benedict, 1 Rawle, 424, it is stated, that "the admission of a party claiming right to defend, is clearly an act of the court, whose duty it is, to inquire before making the order, whether the applicant stands in the relation of landlord or whether his claim of title is consistent with the possession of the occupier. It is not every person who claims to be a landlord that really is such, nor is it every claim of title which gives right to defend the suit." The rights of the original parties to the record must be regarded and when the party desiring to defend exhibits a title inconsistent with the possession of the tenant he cannot be joined in the action, and if so joined, when the inconsistency of his title appears it may be refused, and his name stricken from the record : McClay *v.* Benedict, supra; Adams on Ejectment, 232; Linderman *v.* Berg, 2 Jones 301; Boyer *v.* Smith, 5 Watts 55.

Where, however, no such inconsistency appears, or the relation of landlord and tenant subsists, unless the effect of the application is to cause unreasonable delay, the Act of Assembly is to be taken as mandatory, not merely permissive. The power to be exercised by the courts, in this behalf, is in the interests of public justice, and although the language of the statute is merely permissive in form, yet as public as well as private interests call for its exercise, it must be considered as mandatory : Mason *v.* Fearson, 9 Howard, 248; Supervisor *v.* U. S., 4 Wallace, 435; Commonwealth *v.* Gable, 7 S. & R., 425; Commonwealth *v.* Pittsburg, 10 Casey, 513; Dwarris on Statutes, 220; Sedgwick, 316. The refusal of this right, in a proper case, is therefore assignable for error.

As the case is here presented, we must determine the right of the petitioner upon the facts set forth in his petition ; no answer was filed, and the facts are not otherwise denied. The title of W. Patterson Bell is identical with that of Thomas Murphy, who was originally joined in the action ; adding his name as a party, with leave to defend the action jointly with Joseph Bell, produces no inconvenience to the plaintiff, and raises no other issue beyond what was originally involved. The ground of the defence is in no way changed, and no surprise is practised. According to the recitals in the peti-

[Bell v. Caldwell.]

tion, and the purport of the offers made at the trial, Joseph Bell was the tenant of his son at the time this suit was brought and ever since, he held the premises rent free by the mere permission and allowance of his son, and was therefore a tenant at will, he had no claim to the land, either in title or possession, which was the subject of sale. The possession of Joseph Bell, under such circumstances, was the possession of his son, and that merely permissive possession was entitled to the protection of the landlord's title.

W. Patterson Bell was in the actual possession of the premises, at the service of the writ, it should have been served upon him, and his name entered upon the record as a defendant. He was then, however, a tenant for years, and his landlord was a party to the action. The tenant's possession was involved in the contest of the title, he had no rights which were not identical with those of his landlord, who was the real and substantial party ; the tenant, in such case, might well deem it unnecessary to join in the defence. It was the entry of the nonsuit by the plaintiff which developed the duty of W. Patterson Bell to defend. If the defendant had not suffered nonsuit, the possession of Joseph Bell might have been vindicated by the exhibition of his co-defendant's title : by the mere juggle of a nonsuit it is attempted to exclude all evidence of the title upon which that possession might be defended.

We can discover no good reason why the petition of W. Patterson Bell should not have been allowed ; the order refusing him leave to be admitted to defend must therefore be reversed. As the offer of evidence, the refusal of which constitutes the first assignment of error, becomes clearly admissible in this condition of the cause, we will not consider it in the connection in which it was made.

The order of 26th November, 1883, refusing the application of W. Patterson Bell for permission to defend, is reversed ; and it is ordered that the application be allowed.

> The judgment is reversed, and a venire facias de novo is awarded.